IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
00 MAR 31 PM 1:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

JUAN DE DIOS CUBAS GORDON,      )
                                )
        Petitioner,              )
                                )
v.                              )      CIVIL ACTION NO. 99-BU-2557-M
                                )
ETOWAH COUNTY JAIL, IMMIGRATION )
AND NATURALIZATION SERVICE, and )
THE ATTORNEY GENERAL OF THE     )
STATE OF ALABAMA,               )
                                )      **ENTERED**
        Respondents.             )      MAR 3 1 2000

## MEMORANDUM OPINION

The petitioner, Juan De Dios Cubas Gordon, on August 25, 1999, filed what he captioned as a petition for writ of audita querela. In the petition, he challenges the validity of his state drug conviction. On December 9, 1999, the magistrate judge assigned this matter determined that the petitioner was incorrectly asserting his claim as a request for a writ of audita querela. *See Quintana v. Nickolopoulos*, 768 F. Supp. 118 (D.N.J. 1991)(A writ of audita querela is not the appropriate procedural mechanism to bring a substantiative claim attacking the validity or collateral consequences of a state plea of guilty). Accordingly, the petition was construed liberally and treated as though it were filed pursuant to 28 U.S.C. § 2254. The court further ordered the respondents to appear and show cause in writing why the relief requested by the petitioner should not be granted.

The Immigration and Naturalization Service filed a response, asserting that the petition is due to be dismissed as this court is without jurisdiction under 28 U.S.C. § 2241 to grant the petitioner any relief. (Doc. 4). The State respondents also filed an answer, asserting, *inter alia*,

10

that any challenge to the state court conviction is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).  (Doc. 5, pp. 1-2).  The court entered an order on January 10, 2000, allowing the petitioner an opportunity to file a reply to the answers submitted by the respondents. (Doc. 6).  The petitioner did not reply.  On March 17, 2000, the magistrate judge entered a report and recommendation that the petition be dismissed.  He found that any claims pursuant to 28 U.S.C. § 2241 were precluded under the Illegal Immigration Reform and Immigrant Responsibility Act.  *Richardson v. Reno*, 180 F.3d 1311, 1315 (11th Cir. 1999), *cert. denied*, ___ U.S. ___, 2000 WL 305842 (March 27, 2000).[1]  He further found that to the extent the petitioner was challenging his prior state court conviction, it was barred from review by the applicable statute of limitations.  28 U.S.C. § 2244(d)(1).[2]  The petitioner was afforded fifteen days to file any objections to the report and recommendation.

On March 28, 2000, the petitioner filed a lengthy pleading captioned "Petitioner['s] Factual Background Argument In Response To The Magistrate Judge['s] Report and Recommendation."  (Doc. 9).  Attached to the pleading is a form intended to be used as an application for habeas corpus relief pursuant to § 2254.  In the form, he asserts new and varied challenges to his state drug conviction.

The court has considered the entire file in this action, including the Magistrate Judge's Report and Recommendation and the objections of the petitioner, and has reached an

---

[1] The magistrate judge did note that subsequent judicial review of the removal proceedings is limited to the Eleventh Circuit Court of Appeals subsequent to a entry of final removal order.  *Id.*

[2] The magistrate judge also noted that the petitioner's failure to present his claim to any state court also precluded review by this court (*O'Sullivan v. Boerckel*, ___ U.S. ___, 119 S. Ct. 1728, 1731-34, 144 L. Ed. 2d 1 (1999)) and that his claim that counsel and the court purportedly failed to advise him that one of the collateral consequences of his plea may include deportation does not constitute ineffective assistance of counsel (*United States v. Campbell,* 778 F.2d 764, 767-68 (11th Cir. 1985); *Oyekoya v. State,* 558 So. 2d 990 (Ala. Crim. App. 1989)).

independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusion of the court.  In accordance with the recommendation, this petition for a writ of habeas corpus is due to be dismissed.  An appropriate order will be entered.  In so holding, the court specifically finds that the petitioner has not demonstrated that the additional challenges presented in the form application that is attached to the objections also are not similarly barred from review by the applicable statue of limitations. 28 U.S.C. § 2244(d)(1).

DONE, this 31st day of March, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE